John H. Ortman, plaintiff in error, *vs.* William B. Green-
man *et al.*, defendants in error.

A ministerial officer, executing, in good faith and without oppression, a warrant
regular on its face, and issued by an officer having jurisdiction of the subject
matter, will be protected by the warrant, and is not required to look beyond
it for his authority to serve it.

The assumption of Justices of the Peace to sit in judgment and decide upon
the Constitutionality of an Act of the Legislature, commented upon and
censured.

Error to Washtenaw Circurt.

This was an action of trespass, commenced by warrant
before a Justice of the Peace. Judgment having been ren-
dered in favor of the plaintiff in error, who was also plaintiff
before the Justice, the defendant removed the cause by
certiorari into the Circuit Court for the County of Washtenaw,
where the judgment of the Justice was reversed. The plain-
tiff, thereupon, removed the record into this Court by writ
of error.

From the return of the Justice to the certiorari, the follow-
ing facts appear: On the 29th of December, 1853, three
warrants were issued by a Justice of the Peace, and were
delivered to the defendant, Greenman, who was a constable
of the town of Ann Arbor, in the County of Washtenaw, to
be served. The warrants were issued under the provisions
of an Act entitled, "An Act prohibiting the manufacture of
intoxicating beverages, and the traffic therein;" approved
July 12th, 1853.

Two of the warrants were issued under the fourth section
of the Act, and were for the arrest of the defendant therein
named, John H. Ortman; the other warrant was issued under
the tenth section of the Act, and commanded the constable

to whom they were directed to search certain premises, and to seize certain liquors, if found therein. Greenman, the constable, arrested the defendant, Ortman, on the warrants; he also searched the premises, and seized a cask containing about-ten gallons of wine. Coules, the other defendant, acted by the command, and in aid of Greenman, in removing the wine. For these acts of the defendant, Ortman brought this action, and declared in trespass, for wrongfully entering his premises, and forcibly seizing and taking away the property in question. There was a second count in the declarations, for the arrest and imprisonment of the plaintiff.

To the declaration, the defendant plead the general issue, and gave notice of justification under the warrant above mentioned.

It is not necessary to set out the warrants or the pleadings in full, as no question was made as to the insufficiency, either in form or substance. The main, if not the only question which was raised by the plaintiff, being, whether the Act of the 12th of February, 1853, was void, by reason of its unconstitutionality.

Nor is it necessary to set out all the proceedings which took place on the trial before the Justice. It is sufficient to say that the plaintiff proved the seizure of the wine, and its value, as alleged in the declaration. He also proved the arrest of himself by Greenman, the defendant.

The defendant then proved by the Justice, R. B. Chase, who issued the warrants, the material facts set out in the notice. The warrants, with the return of Greenman endorsed thereon, were duly proved. It was also proved, that Greenman was at the time a constable of the town of Ann Arbor.

The defendant then offered to read the warrants in evidence to the jury. To this the plaintiff objected, on the following grounds, and on no other, as appears from the return, which is in these words:

John H. Ortman, plaintiff in error, *vs.* William B. Greenman *et al.*, defendants in error.

The evidence was objected to by O. Hawkins, counsel for plaintiff, for the reason " that the warrants offered in evidence were issued without authority by the said Justice Chase, the law prohibiting the manufacture of intoxicating liquors, and the traffic under which the defendant sought to justify, being unconstitutional."

The Justice sustained the objections, and decided that the Act in question was unconstitutional and void. The evidence offered was thereupon rejected, and the defendants were not allowed to read the warrants to the jury, and judgment was rendered against them.

——————, for plaintiff in error.

——————, for defendant in error.

By the Court, Bacon, J.

The decision of the Justice was wrong ; the defendant, Greenman, was a ministerial officer merely, and executed the warrants without oppression and in good faith. The warrants were regular on their face, and were issued by an officer who had justification of the subject matter. They were a shield to the constable, and he was not bound to look beyond them for his authority to serve them. ( *Warner* vs. *Shedd*, 10 *J. R.*, 138; 12 *Ib.*, 395; *Holmes* vs. *Lancaster ; Saracool* vs. *Boughton*, 5 *Wend.*, 170; *Coon* vs. *Congdon*, 12 *Ib.*, 496.)

The defendants were cut off from their defence by the decision of the Justice, and for this error the judgment must be reversed.

We would be glad to dismiss the subject at this point, but we fear that our duties would not be fully discharged did we not allude to the decision of the Justice, in declaring the Act in question to be unconstitutional.

John H. Ortman, plaintiff in error, *vs.* William B. Greenman *et al.*, defendants in error.

We regret that any magistrate should, in the course of his official duty, presume to do that which the highest judicial tribunals of the land do with great caution, and only after the most mature deliberation.

Says Judge Bouvier, 1 Inst., 47, the Supreme Court of the United States will not declare the law unconstitutional unless the bench is full.

The consideration of all the Judges is deemed necessary. See Mayor of New York *vs.* Miln (11 *Peters*, 130.)

So, too, in the case of Dartmouth College *vs.* Woodward, 4 Wheaton, 625, Chief Justice Marshall speaks with great modesty and distrust of himself when delivering the settled opinion of the Court, that a law of one of these States is in conflict with the Constitution.

So, too, Judge Bronson speaks with diffidence, and assigns with great care the reasons why the Supreme Court of the State of New York declared an Act of the Legislature to be unconstitutional. (4 *Hill R.*, 148.)

And, lastly, we would call attention to the remarks of Judge Shaw, of Massachusetts, in 16 Pick., 95, Wellington *vs.* Petitioners, and ask a consideration of the views of that learned Jurist, when passing upon the validity of a statute of that State.

We forbear to make further quotations upon this point, and hope the example and precepts of these eminent Judges may not be disregarded ; and that, hereafter, no Justice of the Peace, however great his legal learning may be, will presume to sit in judgment and decide upon the Constitutionality of an Act of the Legislature.

The judgment of the Circuit Court is affirmed with costs.

Present, Bacon, Copeland, Green, Martin, J. J.