RALPH J. CARROLL
*vs.*
HARRY SCHWARTZ ET AL.

Superior Court        Fairfield County        File No. 58564

MEMORANDUM FILED MARCH 19, 1940.     127 Conn. 126

*Abraham S. Bordon,* of Hartford, for the Plaintiff.

*A. D. Slavitt,* of South Norwalk, for the Defendants.

BALDWIN, J.   This action was brought under the "Unfair Sales Practices Act", sections 922e to 924e inclusive of the 1939 Supplement to the General Statutes, alleging that the defendants, owners and operators of a grocery store and meat market and carrying and selling at retail a full line of meats, groceries, vegetables and allied food products, advertised and offered to sell and sold at retail Oxydol, Crisco, Campbell's Tomato Juice, and four other products, at less than cost to the defendant retailers with intent to injure competitors or destroy competition and that the plaintiff, a competitor, has suffered injury thereby, and praying for a temporary and a permanent injunction restraining the defendants from continuing the practice described.

The defendants have demurred and thereby challenge the constitutionality of the statute.

In *State vs. Muolo,* 119 Conn. 323 at pages 325 and 326 (176 Atl. 401, 403) the court said: "It is incumbent upon any court, in the consideration of an attack upon the constitutionality of a legislative act, to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the act unless its invalidity is clear.   *Beach vs. Bradstreet,* 85 Conn. 344, 349, 82 Atl. 1030; *State ex rel. Brush vs. Sixth Taxing District,* 104 Conn. 192, 205, 132 Atl. 561.   In the absence of constitutional or statutory prohibition, any court has power to pass on the constitutionality of a statute and it may be its duty to declare it invalid, but a proper regard for the great coordinate branch of our government, the legislative, and for the preservation of the respect of our citizens, who are apt to look askance upon a decision of a court so limited in its jurisdiction as the City Court of New Haven holding invalid the considered legislative judgment, dictates that such a court should take such action only upon the clearest ground or where the rights of litigants make it imperative that it should do so.   Otherwise it is better for such a court to leave the decision to our higher courts, to which the matter may be brought by appeal or otherwise.   12 C.J. 799; *Ortman v. Greenman,* 4 Mich. 291, 294."

In the *Muolo* case the accused was charged with unlawfully using a taxi stand; he demurred to the information and the court sustained the demurrer and dismissed the information. Error was found.

In *State vs. Miller,* 126 Conn. 373 (opinion released March 6, 1940), the accused was charged with violation of the gasoline sign law. A demurrer to the complaint was overruled, as appears in the opinion, "not on the ground that the statute was constitutional but on the ground that a decision of such importance should be left to a higher court," citing *State vs. Muolo, supra.*

In the instant case the constitutional questions raised by the defendants' demurrer are of such great importance that this decision should be left to our higher court and therefore the demurrer is overruled.