PATRICK FINN v. FREELING W. PECK.

*Trespass for sheriff's entry—Trover for conversion by levy.*

Trespass will not lie for a sheriff's entry to make a levy if a judgment in trover has already been recovered against him for the conversion of the property taken thereon.

A sheriff's entry to make a levy is justified by his process though the levy is wrongful; and the execution debtor, in bringing trover for the property seized, elects to sever the seizure from the act of entry, and cannot thereafter bring trespass for the latter.

Error to Superior Court of Grand Rapids. Submitted October 20. Decided October 26.

TRESPASS. Plaintiff brings error. Affirmed.

*J. W. & O. C. Ransom* and *A. T. McReynolds* for plaintiff in error.

*Stuart & Sweet* for defendant in error. A pending action of trover bars an action of trespass between the same parties

for the same cause of action: *Wales v. Lyon* 2 Mich. 276 ;
*Prentiss v. Holbrook* id. 372 ; *Thompson v. Richards* 14
Mich. 172 ; *Town v. Smith* id. 348 ; *Barker v. Cleveland*
19 Mich. 230 ; *Hazen v. Reed* 30 Mich. 331 ; *Jacobson v.
Miller* 41 Mich. 90 ; *Finney v. Boyd* 26 Wis. 366 ; *Gilbank
v. Stephenson* 31 Wis. 592 ; *Rembert v. Hally* 10 Humph.
513 ; *Davidson v. Young* 38 Ill. 146 ; *Schnell v. City* id.
382 ; *Reigard v. McNeil* id. 400 ; *Mills v. Graves* id. 455 ;
*Cromwell v. Sac County* 94 U. S. 351 ; Wells Res Adjud.
197–201, 215–223.

GRAVES, J.   Finn leased his tavern in the city of Grand
Rapids to one Husbands and took a chattel mortgage on the
furniture to secure the rent, and some rent being in arrear
on the 3d of December, 1875, Finn went to the premises.
on that day to seize the furniture on his mortgage.   He also
endeavored to obtain possession of the tavern ; but according
to his own version the tenant refused to quit, and the attempt
to take the furniture and obtain possession of the realty,
which was peaceable in its commencement, if not assented
to, was finally resisted.   The parties came to blows and some
injury was done to several doors.   Finn caused Husbands to
be arrested and committed for his violence.

Whilst the possession was in this disputed state and on
the next day, Peck, who was deputy sheriff and held a
county treasurer's precept to collect a liquor tax against
Husbands, went to the premises and entered peaceably and
under his process seized and took away a portion of the fur-
niture to satisfy the tax.   Finn thereupon sued Peck and his
principal, the sheriff, in an action of trover for the conversion
of the furniture, and he recovered in the court below and
the judgment was affirmed by this court.   *Finn v. Haynes*
37 Mich. 63.

He then brought this action of trespass against the same
defendants to recover damages for the entry of the building
and for being hindered in carrying it on.   The case was dis-
continued as against the sheriff and on the trial the jury,

47 MICH.—14

under the rulings of the court, found in favor of the defendant Peck.

We shall not examine the various points excepted to, because we are satisfied that the result reached was the only one which the law would sanction. When the defendant went in and made seizure of the furniture his going in was justified by his process. Conceding that he had no right to seize the furniture, his doing so perhaps may have rendered him liable in trespass for the entire transaction upon the ground that it made him a trespasser from the beginning, a point however which we abstain from deciding; but Finn did not see fit to adopt that remedy. He elected to select from the entire transaction the misdoing in regard to the chattels and to sue therefor in trover. Having made that election he is not in a position to make use of the same fact to eke out another cause of action. The entry standing by itself is not a cause of action, because if viewed without any separate fact to infect it with wrong it is at least validated by the authority conveyed by the process.

By the suit in trover the plaintiff severed in point of law the act of seizure of the chattels from the act of entry, and made that seizure, which was the sole actual wrong and the only thing to enable the entry to be treated as a trespass, a distinct and exclusive ground of action. The consequence is that for the wrong involved in the taking of the furniture the plaintiff has exhausted his remedial rights and has taken his entire measure of redress, and moreover has stripped the act of entry of the only circumstance which could qualify it as a wrong and has left it to stand alone, and so standing it is not a tort.

The judgment should be affirmed with costs.

The other Justices concurred.