SAMUEL LITTAUER v. HENRY HOUCK.

*Chattel mortgage—Filing—Notice.*

Where the attorneys for creditors of a mortgagor of chattels have been informed by the mortgagee of the existence of the mortgage prior to receiving from the creditors a claim for collection contracted before its execution, which mortgage is filed in the wrong office, their knowledge is that of the creditors, and the mortgage is valid as against a levy on the mortgaged property made by direction of the attorneys under an execution issued on a judgment recovered by them on said claim.

Error to Bay. (Cobb, J.) Argued May 4, 1892. Decided June 10, 1892.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Pratt & Gilbert (James Van Kleeck,* of counsel), for appellant.

*Fatio Colt (John E. Simonson,* of counsel), for plaintiff.

LONG, J. The defendant, as constable, levied upon a stock of boots and shoes under an execution issued from justice's court. The execution was in favor of Rindge, Bertsch & Co., and against Alfred Taylor and Gerald Fitzgibbon. The claim upon which the execution was issued was an account which accrued about September 1, 1889. The defendants in the writ, Taylor & Fitzgibbon, had been partners in the boot and shoe business in Bay City; but their partnership ceased April 15, 1889, Taylor continuing in the business. Alfred Taylor was a resident of West Bay City, where he had lived for several years. On September 6, 1890, the plaintiff sold to Taylor a quantity of goods, and took a chattel mortgage

upon his stock for $3,024.19, payments to be made $1,000 in 30 days, $1,000 in 60 days, and the balance in 90 days. The mortgage was filed for record in the office of the recorder at Bay City, instead of West Bay City, where the mortgagor resided at the time of its execution. After the defendant seized the goods under the execution against Taylor and Fitzgibbon, the plaintiff, claiming under his chattel mortgage, brought replevin and took possession of the property. On the trial the court directed verdict in favor of the plaintiff for six cents damages.

The only defense on the trial was that the chattel mortgage, under which plaintiff claimed, was not filed in accordance with the provisions of the statute, and was therefore void as against defendant's claim under the execution.

It appeared upon the trial that Pratt & Gilbert, of Bay City, were attorneys for the plaintiffs in the execution, who resided at Grand Rapids. The claim was sent to Pratt & Gilbert for collection, and received by them November 27, 1890. About the 20th of November, and prior to the time of their receiving this claim, the plaintiff in the present suit had a talk with Mr. Pratt of that firm about purchasing some property from him, and told him of this mortgage which he held upon the stock of goods, and where the goods were situated, and the amount of the mortgage. The plaintiff's claim upon the trial was that, although his mortgage was not filed in the proper office, yet the plaintiffs in the execution could not set up that fact as a defense to the mortgage, for the reason that their attorneys and agents had actual notice and knowledge of the mortgage lien prior to the time of their account being put into a judgment and of the levy of the execution thereunder. After the levy was made and the constable had gone into possession of the goods, plaintiff set up the claim under his mortgage,

which defendant refused to recognize. This was before the bringing of the suit of replevin.

Defendant's counsel, at the close of the testimony, requested the court to charge the jury:

"Unless the jury find that the mortgage was filed where the mortgagor resided, the defendant is entitled to recover."

This the court refused to give, and raises the only question in the case. Counsel contend that they were entitled to this request, and that the court was in error in directing a verdict in favor of the plaintiff, under the ruling of this Court in *Buhl Iron Works v. Teuton*, 67 Mich. 623; *Corbett v. Littlefield*, 84 Id. 30; and *Dempsey v. Pforzheimer*, 86 Id. 652. We do not think the case falls within the ruling made in those cases. In the present case, the debt upon which the judgment was taken and execution levied was contracted prior to the time of the execution of the mortgage, so that the case does not fall within that class of cases where a debt has been created and contracted during the time in which the mortgage has been kept off file in the proper clerk's office. It also appears that the agents and attorneys of the plaintiffs in the execution had actual notice of the existence of the mortgage prior to the time any suit was brought upon the claim for which judgment was entered. We think the rule is well settled that the knowledge of the agent or attorney under such circumstances would be the knowledge of the principal, as such knowledge came to the agent in such a manner that he might com_ municate it to his principal or act upon it without being guilty of any violation of duty. Wade, Notice, § 687. The case falls within the ruling of this Court in *Brown v. Brabb*, 67 Mich. 17, and the cases there cited. The case presented here is so fully discussed in that case that a further discussion of the principles there

settled need not be entered upon. The court was not in error in directing verdict in favor of the plaintiff.

Judgment must be affirmed, with costs.

MORSE, C. J., GRANT and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.