THE FIRST NATIONAL BANK OF KALAMAZOO V. HENRY
GUNTERMANN.

*Chattel mortgage—Failure to file—Validity as against creditors.*

An unfiled *bona fide* chattel mortgage is valid as against creditors
whose claims accrued prior to its execution, but not as against
creditors who became such during the time between the execu-
tion of the mortgage and its filing, without knowledge of its
existence; citing *Littauer v. Houck,* 92 Mich. 162; *Brown v.
Brabb,* 67 Id. 17.

Error to Bay.    (Cobb, J.)    Argued October 27, 1892.
Decided December 22, 1892.

Trover.   Defendant brings error.    Affirmed.    The facts
are stated in the opinion.

*T. A. E. & J. C. Weadock,* for appellant.

*Osborn & Mills* (*Simonson, Gillett & Courtright,* of
counsel), for plaintiff.

GRANT, J.    One William H. Cobb, being indebted to
the plaintiff in the sum of $7,000, on October 17, 1890,
executed to plaintiff a chattel mortgage to secure that
amount.    Cobb resided in Kalamazoo, but the property
mortgaged was in Bay City, where he carried on business.
By mistake the mortgage was on the same day filed with
the recorder of Bay City, instead of at Kalamazoo, where
the law required it to be filed to operate as a notice to
creditors.    January 7, 1891, plaintiff took possession under
its mortgage.

January 8 the Commercial Bank of Bay City sued out
a writ of attachment, and placed it in the hands of the
defendant sheriff for execution, who levied upon and took

possession of the property here in dispute. Plaintiff brought this action of trover to recover the value. It is conceded that plaintiff's mortgage was taken in good faith to secure a *bona fide* indebtedness.

The attachment suit was brought on a note for $700, dated October 4, 1890, given by Cobb to the plaintiff in the attachment suit, and on a draft for $174.10, dated October 16, 1890, drawn by the Connersville Furniture Manufacturing Company, with bill of lading attached, upon Cobb. This draft was presented to one H. E. Cobb, who signed the name of W. H. Cobb to an acceptance written thereon November 3, 1890, which acceptance made the draft payable at the Commercial Bank.

It is the settled law of this State that an unfiled *bona fide* chattel mortgage, given by a debtor to a creditor, is good as against those creditors whose claims accrued prior to the execution of the mortgage, but that such mortgage is not good as against those creditors whose debts were created during the time between the execution of the mortgage and its filing, and who had no knowledge of the existence of the mortgage. *Littauer v. Houck,* 92 Mich. 162; *Brown v. Brabb,* 67 Id. 17. So far as the note for $700 is concerned, this case falls clearly within those decisions, and the mortgage must be held to have precedence.

The Commercial Bank was informed in December, prior to its attachment suit, of the plaintiff's mortgage. The draft for $174.10 was sent to the Commercial Bank for collection. It is questionable whether the defendant proved that H. E. Cobb was the lawful agent of W. H. Cobb to accept this draft, under How. Stat. § 1583. But it is unnecessary to determine this question. Under this record the Commercial Bank was not the owner of the draft. The Connersville Furniture Manufacturing Company extended no credit to Cobb. He had no right to receive

the bill of lading or the goods shipped to him except upon payment of the draft. The bank had no authority to extend credit. It violated instructions in so doing. The manufacturing company cannot now take advantage of the wrongful act of the bank in violating its instructions. As to this claim, the Commercial Bank could only maintain its attachment suit on the ground that it was the collecting agent of the manufacturing company, and there is no evidence upon the record to show any ratification of the act of the bank in surrendering the bill of lading, and thereby delivering the goods contrary to instructions. Certainly one who does not intend to and has not extended credit to a debtor cannot claim that he is prejudiced by a mortgage which is not filed.

The record does not show that the bank paid the draft. If paid after the bank had information of the existence of plaintiff's mortgage, it could not recover. If it claimed the right to recover upon this basis, it should have shown that it paid the draft before receiving information of the existence of the mortgage.

The court below directed a verdict for the plaintiff, and the judgment entered thereupon is affirmed.

The other Justices concurred.