MILLER v. HAHN.

1. ASSUMPSIT—GENERAL ISSUE—EVIDENCE.
    In *assumpsit* against an officer to recover moneys paid on an execution issued upon a void judgment, the execution is admissible in evidence under a plea of the general issue.

2. PUBLIC OFFICERS—EXECUTION—VOID JUDGMENT—DAMAGES.
    An execution valid on its face protects a public officer against an action for damages resulting from its enforcement, even though the judgment on which it is based is invalid, and the debtor threatens to make him trouble if he enforces it.

3. SAME—FEES.
    An officer who enforces an execution valid on its face is not liable in *assumpsit* for fees collected under the writ, even though the judgment on which it was issued is invalid.

Error to Macomb; Eldredge, J. Submitted April 5, 1898. Decided April 19, 1898.

*Assumpsit* by William H. Miller against August R. Hahn to recover moneys paid to defendant, as deputy sheriff, to satisfy an execution issued upon a void judgment. From a judgment for defendant, plaintiff brings error. Affirmed.

*Byron R. Erskine*, for appellant.

*Crocker & Knight* (*T. M. Crocker* and *James G. Tucker*, of counsel), for appellee.

MONTGOMERY, J.   The questions presented in this case arise upon exceptions to findings of law by the circuit judge.   The defendant is a deputy sheriff.   On the 6th of March, 1895, an execution regular in form was issued by a justice of the peace, and placed in defendant's hands. The execution commanded him to make the amount of the recited judgment, with costs and costs of the execution, out of the property of William Miller (the plaintiff in the present action).   Defendant, under this writ, made a levy, and seized three horses belonging to plaintiff.   Plaintiff thereupon paid to defendant the amount of the execution and costs, which the officer turned over to the magistrate, retaining his own fees, amounting to $2.   This action was afterwards brought to recover in *assumpsit* the money thus paid to defendant.   The judgment on which this execution issued was void.   The defendant prevailed at the circuit, and plaintiff brings error.

Three contentions are made:

(1) That the defendant could not give the execution in evidence under the general issue.

(2) That the officer cannot justify under his execution alone, but must, in addition, show a valid judgment.

(3) That, in any event, the plaintiff is entitled to recover the amount retained by the officer as fees.

1. The defense was admissible under the plea of the general issue.   In trespass for taking property, it is true, the defendant must give notice of justification when he relies upon a writ; but this is because the plaintiff's case is made by showing a taking *prima facie* wrongful.   In *assumpsit*, however, before the plaintiff entitles himself to recover, he must show that the money which was paid was paid under such circumstances that the law will raise a promise to repay.   The general issue raises this question. *Wilson* v. *Wagar*, 26 Mich. 452; *Berringer* v. *Lake Superior Iron Co.*, 41 Mich. 305.   The plaintiff knew, when the payment was made, that the defendant was proceeding under the writ in his hands.   He made payment of the money to him, relying on his supposed right to

recover money paid under such circumstances. The writ no longer remains in defendant's hands. If the declaration had been special, it would have been good pleading for plaintiff to set out the circumstances under which the money was paid, and particularly what constituted the alleged duress. He not having done so, but having declared generally, the defendant was entitled to give the facts in evidence under the general issue.

2. This action cannot be maintained. The rule is elementary that a writ valid on its face protects a public officer against an action for damages resulting from its enforcement, even though the judgment on which the writ is based be invalid. So far as we know, this rule is universal. *Ortman* v. *Greenman*, 4 Mich. 291; 1 Freem. Executions, § 101; Cooley, Torts, 459; Mech. Pub. Off. § 768. Nor was the defendant bound to suspend action because the execution debtor threatened to make him trouble. *Foster* v. *Wiley*, 27 Mich. 244 (15 Am. Rep. 185). The cases relied upon by the plaintiff were cases in which the right to the property was involved, and in which the officer was an indifferent and nominal party.

3. We see no reason for holding that the officer should be held liable for the fees recovered on the execution. The collection of these fees was an act directly within the command of his writ.

Judgment affirmed, with costs.

The other Justices concurred.