SECURITY TRUST CO. v. TULLER.

1. MORTGAGES—RECORDING WITH REGISTER OF DEEDS NOT CON-
STRUCTIVE NOTICE AS TO PERSONALTY.
    The effect. of recording with the register of deeds a trust
    mortgage covering both realty and personalty was to give
    constructive notice to purchasers of the property that the
    mortgage covered the realty, but was no notice that it
    also covered personalty.

2. CHATTEL MORTGAGES — CONSTRUCTIVE NOTICE—FAILURE TO RE-
NEW AFFIDAVIT WITH CITY CLERK.
    Where no renewal affidavit was filed with the city clerk,
    as required by statute, the fact that a mortgage covering
    both realty and furniture and furnishings was recorded
    with the register of deeds would not charge purchasers of
    the property with notice that the furniture and furnish-
    ings were pledged.

3. SAME—GOOD FAITH PURCHASERS—CONSTRUCTIVE NOTICE.
    To constitute purchasers of hotel and contents "good
    faith purchasers," so that they are not chargeable with
    notice that a mortgage covering the real estate, of which
    they had notice, also covered the personalty, there must
    be an absence of knowledge or even notice of facts and
    circumstances calculated to put an ordinarily prudent
    business man on inquiry so that he would ascertain the
    facts.

4. SAME—NOTICE SUFFICIENT TO PUT PURCHASERS ON INQUIRY.
    Recital in a preliminary agreement for the purchase of
    hotel properties with fixtures and equipment that the prop-
    erties and personal property therein were free and clear
    of all liens and incumbrances excepting a certain mortgage
    was sufficient to put the purchasers on inquiry as to
    whether the personal property was covered by the mort-
    gage.

5. ATTORNEY AND CLIENT — NOTICE TO ATTORNEY IS NOTICE TO
CLIENT.
    Notice found in abstracts of title, which were examined

by the purchasers' attorney, that a trust mortgage covered the furniture and furnishings in the hotel properties purchased by them, was notice to the clients.

6. CHATTEL MORTGAGES—NOTICE TO PURCHASERS' ATTORNEY PUT HIM ON INQUIRY.

Where the purchasers' attorney had notice that a mortgage covered personal property and hotel properties, it was his duty to investigate and see if the furniture and furnishings, which his clients were purchasing, was included in the mortgage, and he is not excused from making said investigation on the ground that he supposed other personal property was meant.

7. TRUSTS—FORECLOSURE OF TRUST MORTGAGE—TRUSTEE NOT ENTITLED TO ALLOWANCE FOR LITIGATION RESULT OF CARELESSNESS.

Where a trustee failed to file renewal of affidavit with the city clerk in regard to trust mortgage covering personalty, and on foreclosure it was necessary to take an appeal to the Supreme Court to establish same, an allowance for said appeal, in addition to $6,000 allowed for preparing and trying the case in the circuit, does not appeal to the conscience of the court, since the bondholders should not be compelled to bear the expense of the trustee's carelessness.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 21, 1928. (Docket No. 144, Calendar No. 33,823.) Decided July 24, 1928. Rehearing denied October 1, 1928.

Bill by the Security Trust Company against Lew W. Tuller, the Dickinson Island Land Company, Julius Berman, and others to foreclose a trust mortgage. From the decree rendered, plaintiff appeals. Modified and affirmed.

*Stevenson, Butzel, Eaman & Long* (*William L. Carpenter* and *Leo W. Kuhn,* of counsel), for plaintiff.

*Friedman, Meyers & Keys,* for defendants Dickinson Island Land Company and Julius Berman.

MCDONALD, J.   This is a suit to foreclose a trust

mortgage given by Lew W. Tuller and wife to the Security Trust Company of Detroit, Michigan, to secure a bond issue of $1,150,000. The mortgage pledged real estate and buildings comprising two hotel properties in the city of Detroit. The hotels were not furnished when the mortgage was executed, but by its terms it covered after-acquired furniture, furnishings, and equipment used in the buildings. On June 10, 1925, the furniture and furnishings had been put in. The trust instrument was then filed with the city clerk as a chattel mortgage. It had been previously recorded in the office of the register of deeds in Wayne county. No affidavit of renewal was filed with the city clerk until March 8, 1928. During the period that the Security Trust Company was in default for failure to file the renewal affidavit, the Tullers sold the premises and personal property to the Properties Company, a Delaware corporation, and this corporation sold to the defendant the Dickinson Island Land Company. Mr. Tuller was the principal stockholder of the Properties Company, and the defendant Berman is a stockholder and director of the Dickinson Island Land Company. In the latter purchase, Mr. Berman carried on the negotiations for himself and his company. As a result of the transaction, he became the owner of one-third and the Dickinson Island Land Company of two-thirds of the premises and personal property covered by the trust mortgage. There was default in the payment of principal, interest, and taxes under the terms of the mortgage. The trustee declared all the bonds immediately due and payable, and filed this bill to foreclose the mortgage. On the hearing there was no contest except as to the furniture and furnishings contained in the hotel buildings. It was the contention of Mr. Berman and the Dickinson Island Land Company that they purchased the property without any notice or knowledge that the furniture

and furnishings were covered by the mortgage.    The trial judge accepted their view of the case, and denied the right of the trustee to include the furniture and fixtures in its foreclosure.    The plaintiff has appealed.

The only question involved is whether the defendants purchased the furniture and furnishings with knowledge or notice that they were subject to the lien of the trust mortgage.

The claims of the parties, as stated in their briefs, are as follows:

"The plaintiff does not claim that the defendants had constructive notice that the trust mortgage covered the personal property, *i. e.*, that the mortgage was filed as provided for by statute.    The plaintiff believes it is not necessary to go into the question whether the defendants had actual knowledge—were actually conscious of the fact that the mortgage covered the personalty before they closed the deal.    But the plaintiff does claim that these defendants had actual notice that the mortgage covered the personalty; *i. e.*, that there are certain facts that are conceded and admitted by the defendants to be true from which, as a matter of law, the defendants are charged with notice that the mortgage covered the personalty."

The defendants say:

"We will concede that the defendants' knowledge of the existence of the trust mortgage bound them to all the terms, conditions, and covenants contained in said mortgage, whether or not the defendants actually knew of the various terms, conditions, and covenants.    We claim, however, that a chattel mortgage on furniture and furnishings is not a necessary part of a trust mortgage on real estate and that defendants' knowledge of the existence of the real estate mortgage did not fix upon them notice of the chattel mortgage clause contained therein."

It will be noted that there is no disagreement between the parties as to the effect of recording with the register of deeds this mortgage covering both realty

and personalty.    Whether or not the defendants knew of the mortgage, the fact that it was recorded was constructive notice to them that real estate was mortgaged, but was no notice that it covered personal property.    And, no renewal affidavit having been filed with the city clerk, as required by statute, the filing of the mortgage there did not charge the defendants with notice that the furniture and furnishings were pledged. It will also be noted that there is no claim that defendants had any express notice or actual knowledge of the existence of the chattel mortgage.    So that, if they are to be charged with notice, it must be because of their knowledge of some facts or circumstances sufficient in law to put them on inquiry or which in themselves amount to actual notice that the furniture and furnishings were covered by the trust mortgage.    We find such facts in the preliminary agreement between defendant Berman and the Properties Company and in the abstracts which were examined by Berman's counsel.

The preliminary agreement for the purchase of the property by the Dickinson Island Land Company was signed by Mr. Berman.    He was acting for himself and the company.    The agreement recites the sale to Berman of the two hotel properties "together with all the personal property, fixtures and equipment therein," after which is the following statement:

"The foregoing properties and personal property therein are free and clear of all liens and incumbrances, excepting a mortgage to the Security Trust Company in amount of one million one hundred fifty thousand ($1,150,000) dollars."

This language either means that both the real estate and personal property were covered by the mortgage to the Security Trust Company or leaves it uncertain as to whether the personal property was included. · If it be construed to mean that both were included, Mr.

Berman had actual notice that the furniture and furnishings were covered by the trust mortgage.    If there is any uncertainty about it, he was bound to make inquiry, to examine the mortgage and ascertain the facts.    He saw a copy of the mortgage but did not examine it.    He testified:

"I saw a copy of it.    I did not read it.    I saw a copy of it, I think, Mr. Marks just showed me—I did not read through it at all.

"*Q*. When was that?

"*A*. That was the day before the deal was closed or the day the deal was closed.

"*Q*. You saw a great big thick printed pamphlet?

"*A*. Thick book, but I didn't read it.

"*Q*. You didn't know what was in it?

"*A*. No."

The fact that the trust mortgage was in a "big thick pamphlet" was no excuse for failure to examine it.    It was printed, and it would have been an easy matter for a man of Mr. Berman's wide business experience and familiarity with trust mortgages to have turned to that portion which showed what property was covered.    He knew at least that it covered a portion of the property which he was buying.    He had information from the preliminary agreement sufficient to put an ordinarily prudent business man on inquiry. Good faith required that he examine the mortgage when he had the opportunity to do so.

"To constitute good faith, there must be an absence * * * of knowledge or even notice * * * of facts and circumstances calculated to put an ordinarily prudent business man on inquiry, so that he would ascertain the truth."    8 Am. & Eng. Enc. Law (1st Ed.), p. 841, approved in *Austin* v. *Hayden,* 171 Mich. 38, 54 (Ann. Cas. 1915B, 894).

From the recitals in the preliminary agreement, it might in truth be said that Mr. Berman had actual knowledge that the furniture and furnishings were subject to the trust mortgage, but at least he had

actual notice sufficient in law to put him to inquiry beyond asking Mr. Tuller if they were incumbered.

Further evidence of notice is found in the abstracts of title which were examined by defendants' attorney. Notice to the attorney was notice to the client. *Littauer* v. *Houck*, 92 Mich. 162 (31 Am. St. Rep. 572).

There were three abstracts. The entries on the abstract of the trust mortgage which the attorney says he read described the real estate covered by the mortgage and followed with the words, "and personal property. Also other land." The abstract of the conveyance to the Properties Company, the defendants' grantor, specifically described the personal property conveyed, including the furniture and furnishings. Immediately following in the same paragraph of the entry was the following:

"Subject to the lien and obligations of or contained in the certain indenture or trust mortgage hereinafter mentioned securing an issue of $1,150,000, 6½% 1st mortgage serial gold bonds, and which said mortgage and the bonds secured thereby the party of the second part assumes and agrees to pay as hereinafter provided."

In the paragraph which follows, it was stated:

"Subject to a certain trust mortgage * * * recorded in the office of the register of deeds of Wayne county, Michigan upon May 7, 1924, in liber 1164 of mortgages at page 181."

The attorney admits that he read these entries, but says that he supposed "personal property" meant "miscellaneous building equipment." There was no ground for any such supposition. The fact was that all the personal property including the furniture and furnishings was subject to the trust mortgage. The abstractor intended to convey that information, but the necessity for abbreviated entries forces the use

of general terms.    When the attorney saw that personal property in these hotels was incumbered, it was his duty to examine the mortgage to see if the personal property his client was buying was included.

It is apparent from the opinion of the circuit judge that he was influenced by the testimony of the attorney that he had no knowledge the furniture and furnishings were covered by the mortgage.    It is not a question of knowledge.    It is a question of actual notice. The notice bound him to ascertain the facts by an examination of the mortgage.    Had he done so, he would have obtained the knowledge which he says he did not have.

It is our conclusion that the recitals in the preliminary agreement and the entries in the abstracts gave the defendants information which made it incumbent on them to make inquiry to ascertain if the personal property they were purchasing was covered by the trust mortgage.    They are chargeable with what they would have learned had they made such inquiry.    In this view of the case, it must be held that the defendants purchased the furniture and furnishings subject to the plaintiff's mortgage.

Under authority of the trust mortgage, the circuit judge in his decree allowed the plaintiff, trustee, the sum of $6,000 as an attorney fee for preparing and trying the case in the circuit court; and a further allowance is asked for appealing to this court.    This litigation is the result of the plaintiff's failure to file an affidavit of renewal with the city clerk as required by statute.    To compel the bondholders to bear the expense incurred because of the trustee's carelessness makes no favorable appeal to the conscience of the court.

In respect to the finding that the trust mortgage covering the furniture and furnishings is subject to the rights of the defendants Berman and the Dickin-

243—Mich.—37.

son Island Land Company the decree of the trial court is reversed.    In all other respects, it is affirmed.   A decree  will be entered in this court in accordance with this opinion.    The plaintiff will have costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.