SRIRO *v.* DUNN.

1. Vendor and Purchaser—Notice of Forfeiture.

Mailing two notices of forfeiture for nonpayment of instalments under a land contract by vendee husband and wife in a registered letter addressed to husband only does not constitute service of notice on wife.

2. Same—Summary Proceedings—Rescission—Notice of Forfeiture.

Summary proceeding to recover possession from husband and wife as vendees under a land contract is a nullity, leaves contract rights intact and does not constitute rescission or repudiation of the contract by the vendor where there was no notice of forfeiture served on wife and she was not made a defendant.

3. Same—Summary Proceedings—Landlord and Tenant—Eviction.

There was no eviction of vendees in fact or law where, after ineffectual summary proceeding, vendor collected a month's rent from tenant of vendee, made a slight repair and insured the building.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 6, 1933. (Docket No. 101, Calendar No. 37,429.) Decided December 5, 1933.

Assumpsit by Morris Sriro and Fannie Sriro, jointly and severally and as assignees, against Cornelius E. Dunn to recover payments made under a land contract. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Gvazda & Shere* (*Samuel H. Rubin* and *Melba Levin-Rubin,* of counsel), for plaintiffs.

*Sempliner, Dewey, Stanton & Bushnell* (*Louis Andrzejewski,* of counsel), for defendant.

WIEST, J. Plaintiffs, husband and wife, were vendees in a land contract and in default in payments. Defendant, vendor, prepared two identical notices of forfeiture for nonpayment of instalments and inclosed the same in a registered letter to Morris Sriro, one of the vendees, then brought summary proceedings against Morris Sriro to recover possession, was awarded restitution by a circuit court commissioner, who also made a finding that the amount due and unpaid on the contract was $210. Writ of restitution was not issued. Plaintiffs were not occupying the premises but had a tenant in possession. Defendant demanded and received one payment of rent from the tenant and, with the money, made a slight repair and also insured the building, and sent his wife, on one occasion, to collect the rent, but it does not appear that she obtained any money.

For want of notice of forfeiture served upon Mrs. Sriro and failure to make her a defendant in the summary proceeding the summary proceeding was a nullity. This suit was brought by plaintiffs on the ground that by the mentioned notice, suit, and acts defendant rescinded the contract and evicted plaintiffs, and they asked judgment for the whole amount paid on the contract amounting to $6,810. The court denied recovery, holding there was no rescission of the contract but an ineffectual effort to have remedy in accordance with its terms.

Insurance on the building was no repudiation of the contract and much less an eviction. The vendor had an insurable interest in the buildings on the land by virtue of his legal title. The defendant, by attempted notice of forfeiture and the summary proceeding, acted in affirmance and not in rescission or repudiation of the contract, for he was en-

deavoring to enforce remedies expressly reserved in case of default of the vendees. An abortive attempt to obtain remedy, under the terms of the contract and applicable law, did not constitute rescission or repudiation of the contract any more than a successful effort would. That a successful proceeding is in affirmance and not in rescission of the contract, see *Hansbrough* v. *Peck,* 5 Wall. (72 U. S.) 497, 505.

It would be anomalous to hold that an unsuccessful effort to enforce the contract constituted rescission or repudiation and entitles the defaulting vendees to have recovery of all paid thereon.

Plaintiffs' action is planted on want of valid notice of forfeiture and a void summary proceeding and this, without more, left the contract rights intact. But, it is said, there was an eviction of plaintiffs' tenant. The invalid notice of forfeiture and the void summary proceeding left the relation of landlord and tenant in effect and defendant but an intruder upon plaintiffs' rights. There was no eviction in fact and none in point of law for no dispossession was worked but only a temporary interference.

Plaintiffs rely upon our holding in *Schon* v. *Lawrence,* 258 Mich. 543. In that case there was an eviction in fact, without notice of forfeiture and under an abandoned summary proceeding. There, efforts, if any, to have remedy in accord with contract rights were flouted and a high-handed method of unlawful ouster substituted and such, we held, a repudiation of the contract and constituted rescission. Such is not the case at bar, and we are not disposed to extend that ruling to an abortive attempt to enforce contract rights, for that would render enforcement proceedings, if invalid, ex-

tremely hazardous and bring a relation exactly opposite to relief sought.

The judgment is affirmed, with costs to defendant.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.