SPARLING *v.* BERT.

1. EJECTMENT—STATUTES.
    An action of ejectment commenced before the revised judicature act became effective must stand or fall according to the provisions of the statute in effect theretofore (CL 1948, § 629.1 *et seq.*; CLS 1961, § 600.9905).

2. VENDOR AND PURCHASER—EJECTMENT—TERMINATION OF CONTRACT.
    The vendor of a land contract giving the vendee right of possession cannot bring an action of ejectment against the vendee until the vendor has in some manner terminated the contract relation (CL 1948, § 629.1 *et seq.*).

3. SAME—DEFAULT—FORFEITURE.
    Default by the vendee does not, in itself, work a forfeiture of a land contract, since it is necessary that the vendor give notice of intention to forfeit, in order to terminate the contract relation which supports the vendee's right to possession.

4. SAME—FORFEITURE.
    A declaration of forfeiture, to be effective, must be clear and unambiguous, conveying an unquestionable purpose to insist that the forfeiture has accrued.

5. EJECTMENT—FAILURE TO GIVE NOTICE OF FORFEITURE.
    Ejectment plaintiff, vendor under land contract, who had informed the vendee that contract would be forfeited if past-due payments were not met, but who failed to serve defendant with a declaration of actual forfeiture effectively terminating defendant vendee's rights under the land contract was not entitled to prevail because of such failure (CL 1948, § 629.1 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[1]  50 Am Jur, Statutes § 482.
[2]  55 Am Jur, Vendor and Purchaser § 439.
[3–5]  55 Am Jur, Vendor and Purchaser § 441 *et seq.*

Appeal from Tuscola; Quinn (Timothy C.), J. Submitted Division 2 April 6, 1965, at Detroit. (Docket No. 95.) Decided May 17, 1965.

Ejectment by Carrie M. Sparling against Raymond L. Bert. Judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*Maurice C. Ransford,* for plaintiff.

*Riseman, Lemke, & Piotrowski (Harry Riseman,* of counsel), for defendant.

McGREGOR, J. On April 9, 1959, plaintiff and her two covendors entered into an executory land contract for the sale of a parcel of land located in Tuscola county at the junction of highways M-24 and M-46, with the defendant and his wife as vendees. The plaintiff and defendant in this action are the survivors in interest of this land contract, since the other contract parties have died. On this parcel were a dwelling house and also a building used as a store and gasoline station, which was located at the highway intersection.

The vendees agreed to pay the purchase price of $21,000 with a $2,000 down payment, and the balance to be paid in monthly installments of $190, payable by the 9th of each month, and interest at the rate of 5% per annum. By the 14th paragraph of the contract, the vendors reserved for themselves the right to occupy the first floor of the dwelling and the west 310 feet of the parcel of land. The vendees were entitled to possession of the remainder of the premises. The vendors also reserved the right to take all necessary foodstuffs, apparently from the store, without charge to themselves during the term of the contract.

At the same time the vendors sold to the vendees the gasoline station-store business located ·on these premises, including fixtures, personal property, SDM liquor license, and a living quarters permit, for $24,000 with a down payment of $12,000 and the balance of the purchase price covered by a promissory note, to be paid in monthly installments of $110 per month, plus interest, secured by a chattel mortgage.

Payments were made promptly on both land contract and promissory note until July 31, 1962, at which time a payment of principal and interest was made by the vendees on the land contract, leaving a balance of $13,933.71 with interest paid to July 9, 1962. On the same day, a payment was made of $110 and interest on the note, leaving a balance due of $9,637.49 with interest paid to July 9, 1962.

On September 25, 1962, the plaintiff by her attorney prepared, on a commonly-used printed form, a notice of intention to declare the land contract forfeited. The back of this notice contains the affidavit of the sheriff of Tuscola county that the service of said notice was made on the defendant on September 27, 1962. This notice demanded payment within 20 days of $598 for principal, interest and taxes due, and stated that in default thereof the plaintiff would exercise her option under the contract to declare the said land contract forfeited.

Plaintiff introduced into evidence at trial a copy of a notice of forfeiture (also on a printed form) dated November 16, 1962, and addressed to Raymond L. Bert, 1419 Harvard, Berkley, Michigan. Attached thereto is the envelope with the certification from the post office and the receipt for certified mail, dated November 16, 1962. This envelope was returned undelivered to the plaintiff's attorney with the notice that the addressee had moved and left no forwarding address.

Also, on November 16, 1962, the plaintiff instituted an action for a judgment against the defendant purchaser in the circuit court for the county of Tuscola. The declaration contained the following allegation: "that on the 16th day of November, 1962, the plaintiff served a notice of forfeiture of said land contract because of the nonpayment of the installments of principal, interest and taxes." Upon defendant's denial of receipt of said notice, plaintiff admitted in her reply that no notice of forfeiture was actually served on defendant, but contended that such notice need not be served upon the defaulting purchaser, by virtue of the fifth paragraph of the land contract. This provision reads as follows:

"5. Should default be made by the purchaser in any of the provisions hereof, the seller may immediately thereafter declare this contract void and forfeited and the said buildings, improvements and all payments made on this contract shall be forfeited to the seller as rental for the use of the premises and as stipulated damages for failure to perform this contract and the seller may take immediate possession of the said premises without notice and remove the purchaser and all persons claiming under him therefrom, or the seller may, without notice to the purchaser, declare all money remaining unpaid under this contract forthwith due and payable, notwithstanding that the period hereinbefore limited for the payment of the said balance may not then have expired, and the seller may thereafter enforce his rights under this contract in law or in equity, or may after said acceleration take summary proceedings to forfeit the interests of purchasers or may enforce said contract in any other manner now or hereafter provided."

After various pretrial proceedings, the discussion of which is not necessary to this decision, this action

was set for trial on July 9, 1963. Upon the failure of either the defendant or his counsel to appear at trial, the plaintiff prevailed and judgment for ejectment was entered by the trial judge.

Since this ejectment action was instituted before the effective date of the revised judicature act, the declaration herein must stand or fall according to the provisions of the former ejectment statute, CL 1948, § 629.1 *et seq.* (Stat Ann § 27.1914 *et seq.*). See, also, the RJA saving clause, CLS 1961, § 600-.9905 (Stat Ann 1962 Rev § 27A.9905). The law is well settled in Michigan that the vendor of a land contract giving the vendee right of possession cannot bring an action of ejectment against said vendee until he has in some manner terminated the contract relation. *Olin* v. *Henderson* (1899), 120 Mich 149, 155. Default by the vendee does not, in itself, work a forfeiture of a land contract, since it is necessary that the vendor give notice of intention to forfeit, in order to terminate the contract relation which supports the vendee's right to possession. It is stated in *Hupp Farm Corp.* v. *Neef* (1940), 294 Mich 160, 164, that " 'a declaration of forfeiture must be clear and unambiguous, conveying an unquestionable purpose to insist that the forfeiture has accrued.' "

In the case before us, plaintiff informed the defendant that she would terminate his rights in the land if he did not meet the past-due payments. However, the plaintiff, by her own admission, failed to serve the defendant a declaration of actual forfeiture which would effectively terminate the defendant's rights under the land contract.

We conclude that plaintiff's declaration in ejectment was fatally defective because of plaintiff's failure to give the required notice of forfeiture.

Defendant has made other allegations of error which need not be considered, in view of the deci-

sion in this case. The judgment of the trial court is reversed and a judgment of no cause of action is ordered to be entered in favor of the defendant-appellant, with costs to the appellant.

T. G. KAVANAGH, P. J., and HOLBROOK, J., concurred.