REINECKE v. SHEEHY

Appeal from Bay, John X. Theiler, J. Submitted Division 3 February 11, 1969, at Grand Rapids. (Docket No. 4,106.) Decided April 22, 1969.

Complaint by Clinton Reinecke, Sr., and Josephine Reinecke against John B. Sheehy to enjoin defendant from interfering with plaintiffs' possession of a certain parcel of land, to determine to whom and in what amount plaintiffs owe money on a land contract, and for other relief. Counterclaim by defendant to foreclose land contract. Plaintiffs found to be indebted to defendant in the amount of $5,906.52 plus interest beginning May 4, 1967, and judgment setting up schedule of payments rendered. Plaintiffs appeal. Modified and affirmed.

*Carras & Carras,* for plaintiffs.

*Patterson & Patterson,* for defendant.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. The case involves the granting of specific performance of an alleged oral agreement partially performed concerning lands described in the footnote.*

---

* "Beginning 603 feet west and 469 feet north of the southeast corner of the northeast 1/4 of the northeast 1/4 of section 4, town

The pertinent facts appear to be as follows: on June 16, 1961, John Thomas Parker sold the property in question on a land contract to Clinton Reinecke, Sr., and Josephine Reinecke, husband and wife, plaintiff and counterdefendants herein. The price was $3,000 with monthly payments to be made as therein recorded together with 6% interest. The monthly payments were to be first applied to the interest and the balance on the principal. In the month of August, 1964, the defendant-counterplaintiff, John B. Sheehy, approached Mr. and Mrs. Reinecke to make certain repairs on their home including siding their home with aluminum siding. A proposed contract was signed between the parties which was to be financed with a finance company. Subsequently, other proposed contracts were signed which were to include debts of the plaintiffs and the balance due on the land contract. Upon presentment to a finance company none of the contracts were honored by it. The culmination of the arrangement finally came about when the defendant offered to advance money to pay plaintiffs' debts and in addition perform the repairs on their home, and to incorporate the additional amounts in the contract which defendant agreed to purchase from Mr. Parker. It is undisputed that this was the arrangement, however, it is disputed (1) as to the debts the defendant was to pay, and (2) as to whether defendant performed his contract properly.

After defendant paid certain debts of the plaintiffs to the extent of $893.92 in November, 1964, and purchased Mr. Parker's vendor's interest in the land contract for $1,393, and had substantially complied with the agreement to make the repairs to plaintiff's

14 north, range 5 east; thence west 150 feet; thence north 140 feet; thence east 150 feet; thence south 140 feet to the place of beginning; being the south 140 feet of lots 112, 113, 114, of William E. Knodt's Wenona Grove #2, an unrecorded plat."

home, he presented a proposed contract to the plaintiffs to sign which called for a principal amount of $6,388.00. The plaintiffs refused, stating that that was an incorrect amount and that the defendant had failed to complete the repairs and failed to pay all the debts of plaintiffs that he agreed to pay.

Now it is true, and defendant admits, that there were two debts of plaintiffs that he did not pay. His reason given was that he wasn't sure that plaintiffs would honor their agreement. He said he was willing to pay them and was in the process of paying when the new contract was proffered to the plaintiffs.

It appears to this Court that on January 16, 1965, there had been the following sums of money advanced by defendant on behalf of plaintiffs: (a) $893.92 for debts, (b) $1,393 for the land contract, and (c) the value of work and repairs made to plaintiffs' home in the amount of $3,068. At this time there was also interest due on the contract for the period from October 29, 1964, to January 16, 1965, a period of 2 months and 18 days, or a total of $18.10, making a grand total of $5,373.02. The trial judge credited the plaintiff with $45.00 for repairs the defendant failed to make and in addition, we credit the plaintiffs with $44.85 which was advanced to the defendant for sales tax on the materials used in making the repairs for a total of $89.85. This would make a total of $5,283.17 due on January 16, 1965.

From a careful review of the record, there is no question but that the plaintiffs agreed that the advances and the cost of the repairs were to be added to the original contract. The only evidence as to the rate of payment to be made by the plaintiffs on the balance due on this new contract appears in the testimony of Mr. Reinecke which is as follows:

"*Q.* That was a verbal agreement; this was to pay off the bills and construction work?

"*A.* Around 6,500 would make the payments $65 a month."

The original land contract called for 6% interest with the payments to be applied to the interest first and the balance applied to the principal. The other pertinent terms of the old contract control the new contract. The testimony of Mr. Reinecke was the only evidence pertaining to the manner in which the payments were to be made. It is controlling. Even though the plaintiffs expected the defendant to pay more of their debts, we find that the contract was substantially complied with by defendant and therefore he was entitled to specific performance. The learned trial judge in granting specific performance ordered that the contract would be as of May 4, 1967, in the amount of $5,906.52 plus interest at the rate of 5% to the date of judgment, and that the payments each month would be $90.00 commencing the first day of August, 1967, with interest at the rate of 7% per annum on the unpaid balance payable monthly. For the reasons hereinabove stated we determine that the plaintiffs owed defendant $5,283.17 on January 16, 1965, and that the new contract would be as of that date with provision for payments to be made on the contract at the rate of $52.83 per month—$1 payment for each $100 indebtedness, which is a proper inference for determination of the monthly payment as deduced from the testimony of plaintiff, Mr. Reinecke. Interest shall be at the rate of 6% per annum payable monthly with the monthly payment first applied on interest and the balance on principal.

We do not find any overreaching on the part of defendant as claimed by plaintiffs in their appeal. Neither do we find that the failure to pay all of the

debts of the plaintiffs by defendant is fatal to defendant obtaining specific performance because there was a dispute as to the amounts to be paid and in any event, the defendant performed his part of the agreement substantially and stood ready to pay the additional amounts.

Judgment of the trial court is affirmed as modified herein. No costs, neither party prevailing fully.