REINECKE v SHEEHY

SHEEHY v REINECKE

OPINION OF THE COURT

1. PROCESS—VENDOR AND PURCHASER—SERVICE OF PROCESS—PERSONAL SERVICE—JUDGMENT.

Service of process was not properly made on a wife in an action to recover land under a land contract where the return of service by the officer showed service on the husband only, the wife appeared to object to the lack of proper service, and she testified that the attorney representing her husband did not represent her, even though she was present when her husband was personally served and she read the copy of the complaint served on her husband after he showed it to her the same day; a forfeiture judgment against property held in tenancy by the entireties in such an action is void.

2. EXECUTION—FORFEITURE—WRIT OF RESTITUTION—REDEMPTION.

A writ of restitution was void when issued pursuant to a forfeiture judgment against property which allowed 90 days to redeem where the writ was issued and executed prior to the expiration of the 90-day redemption period and at a time when the matter was appealed and a stay bond was duly filed and noticed.

3. JUDGMENT—DEFAULT JUDGMENT—APPEAL AND ERROR—NOTICE OF APPEARANCE—LATE FILING.

There is no provision made for a default judgment based on a tardy notice of appearance in the circuit court on appeals taken from the district courts; it was not error for a circuit court to deny a motion for a default judgment based on a failure to file

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Process § 27 *et seq.*
[2] 47 Am Jur 2d, Judgments § 991.
[3] 47 Am Jur 2d, Judgments § 1178.
[4, 6] 55 Am Jur, Vendor and Purchaser § 4 *et seq.*
[5, 7] 47 Am Jur, Sheriffs, Police, and Constables § 205.

a notice of appearance within the time required by court rule where the notice of appearance and appeal brief were filed 20 days late and where a general court rule allows the circuit court to correct errors or defaults on motion or notice to the adverse party, or on the hearing of any motion to dismiss based on such default or error, upon such terms as may be just (GCR 1963, 705.11, 705.15).

4. Vendor and Purchaser—Land Contract—Forfeiture—Notice of Intention—Partial Payment—Waiver.

Accepting partial payments on a land contract after service of a notice of intention to declare a forfeiture and before the time allowed in the notice to cure the delinquency has expired cannot constitute a waiver by the vendor of his right to declare a forfeiture; the vendor is obligated to accept payments toward the balance due until the grace period set out in the notice of intention runs out.

5. Sheriffs and Constables—Wrongful Execution—Liability— Void Judgment—Personal Knowledge.

A judgment or order of a court having apparent jurisdiction, if valid on its face, ordinarily completely protects a sheriff or constable from liability for any proper or necessary act done in its execution, even if the judgment or order is otherwise void; however, it was reversible error to grant a defendant's motion for summary judgment in a tort action against a court officer where the complaint made allegations that the court officer made execution of a void judgment and had personal knowledge of the fact that the judgment was void, allegations upon which relief *might* be granted.

6. Torts—Wrongful Execution—Restitution—Statutes—Grace Period.

Summary judgment against plaintiffs was erroneously granted to a land contract vendor defendant in an action alleging tortious deprivation of possession of property where the fact was that at the instigation of defendant's counsel, who was aware of a 90 day redemption period and who was on notice of an appeal bond that stayed proceedings pending appeal, the district court, ignoring a statutory 90-day grace period preceding the issuance of a writ of restitution, and ignoring its own grant of 90 days to redeem and a bond-initiated stay pending appeal, issued and had executed a writ of restitution on the forfeiture judgment; notice to an attorney is notice to the client who employs him (MCLA 600.5673).

Concurrence in Part, Dissent in Part by Danhof, P. J.

7. Sheriffs and Constables—Wrongful Execution—Reliance—Liability.

   *A court officer executing a writ valid on its face in civil proceedings is not obligated to draw legal conclusions regarding the validity of its procurement; the Court of Appeals should not ask a layman to second-guess the judgment of a district court where the district court determined that a writ should issue, and a court officer has a right to rely upon his process until he is officially notified of its having been superseded.*

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 March 7, 1973, at Lansing. (Docket Nos. 13552, 13904.) Decided May 23, 1973.

Complaint by Clinton Reinecke, Sr., and Josephine Reinecke against John B. Sheehy, Vern Rosengard, William Reinchsteiner, and Nicholas Nagy for damages for wrongful deprivation of possession of property. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded. (Docket No. 13552.)

Complaint in the district court for Bay County by John B. Sheehy, against Clinton Reinecke, Sr., and Josephine Reinecke to recover possession of land. Judgment for plaintiff. Defendants appealed to the circuit court. Affirmed. Defendants appeal. Reversed and remanded. (Docket No. 13904.)

*Carras & Carras,* for appellants Clinton Reinecke, Sr., and Josephine Reinecke.

Before: Danhof, P. J., and Holbrook and Bashara, JJ.

Holbrook, J. This prolonged litigation began with a dispute between Clinton and Josephine Reinecke, husband and wife, and John B. Sheehy

over the character of, and respective rights under, a land contract between the Reineckes and Sheehy for land the Reineckes were occupying. This original dispute eventually reached the Court of Appeals. *Reinecke v Sheehy,* 17 Mich App 34 (1969). Therein we decided that the Reineckes owed Sheehy $5,283.17 on January 16, 1965, and that the contract would be performed as of that date at the rate of $52.83 per month, with interest at the rate of 6% per year. During the pendency of the appeal in that case the parties had made an agreement that the Reineckes would continue to pay $50 per month until the appeal was decided, and if the Reineckes lost their appeal, they would pay any amounts becoming due in full within 30 days after that ruling. Our decision in that case was handed down April 22, 1969. On July 11, 1969, Sheehy served on the Reineckes a single copy of a notice of intention to declare land contract forfeited and demand for delinquent payments. Per the notice of intention Sheehy gave the Reineckes ten days to pay all amounts past due. On July 23, 1969, Sheehy served on the Reineckes a single copy of a notice of forfeiture of land contract. On July 24, 1969, a complaint and affidavit to recover land on a land contract addressed to both the Reineckes was personally served on only the husband at the Reinecke residence. On September 15, 1969, the district court entered a judgment of forfeiture for Sheehy, after a hearing and after requesting the parties to submit briefs on the issues. The district court in its judgment granted the Reineckes 6 months to redeem, but later amended the redemption clause to allow only 90 days to redeem. This amendment was made September 29, 1969, at a hearing on the defendants' request for a new trial, which request was denied. On November 14, 1969, the Reineckes appealed to

the circuit court and on November 17, 1969 filed an appeal bond. Later, on November 24, 1969, the district judge in open court issued a writ of restitution over the objection of defense counsel against the Reineckes, and on December 5, 1969, the writ was executed, the Reineckes being dispossessed of the property in question. The Reineckes filed a complaint on December 15, 1969, against Sheehy, Vern Rosengard, William Reinchsteiner and Nicholas Nagy claiming damages for the defendants' action in allegedly wrongfully and tortiously depriving the Reineckes of the possession of their residence. This action was later dismissed in circuit court on defendants' motion for summary judgment on February 2, 1972. The circuit court entered its judgment on the appeal of the forfeiture action January 21, 1972.

The Reineckes now appeal from both judgments below by leave in the forfeiture action, by right as plaintiffs-appellants in the tort action. We will deal with the forfeiture action first.

Ia

Defense counsel has raised four issues on his appeal of the forfeiture judgment. First, the claim is made that the district court and the circuit court erred in finding that they had jurisdiction over the tenancy by the entireties property when there was no service of process of the complaint and affidavit to recover land on a land contract made on Josephine Reinecke. The return of service by the officer shows that they were served on Mr. Reinecke only. At the September 29, 1969, hearing on defense counsel's motion for a new trial this issue was extensively discussed. Mrs. Reinecke took the witness stand and testified that she watched from the back door of her house when her

husband was served with the single copy of the complaint, and that she read the complaint after her husband showed it to her that same day. From this testimony and other facts both the district and circuit courts concluded that there was proper service made. At no time did defense counsel enter an appearance in the forfeiture action for anyone save Clinton Reinecke, and the objection was continually made in the district court and on appeal in the circuit court that no service was made on Josephine Reinecke. Moreover, Mrs. Reinecke after being called by plaintiffs' counsel stated on the witness stand that Mr. Carras, defense counsel for her husband, was not her attorney. From this testimony and the summons indicating on its face that only Clinton Reinecke was served with the complaint, we must conclude that no service was made on Josephine Reinecke personally and the district court did not acquire proper jurisdiction. GCR 1963, 105; *Sriro v Dunn,* 265 Mich 112 (1933); *Mason v Letts,* 14 Mich App 330 (1968). The forfeiture judgment against the property held in tenancy by the entireties is, therefore, void. We also rule that the writ of restitution was void because it was issued and executed at a time when the 90 days allowed in the original summary proceedings had not expired and at a time when the matter was appealed and a stay bond duly filed and noticed.

Defense counsel also claims that the circuit court on appeal erred in not entering a default judgment in favor of defendants because of plaintiff Sheehy's failure to enter an appearance in accordance with GCR 1963, 705.11. That rule reads:

"Notice of Appearance; Service, Filing. Each appellee, after being served with a copy of any claim of appeal or

order allowing an appeal, shall serve a notice of appearance upon each appellant or his attorney of record, and shall file a copy thereof in the circuit court within 5 days after service upon such appellee."

While plaintiff did not file a notice of appearance within the required time limit he did file a notice of appearance and an appeal brief on January 6, 1970, approximately 20 days late. A month later defense counsel moved for a default judgment on the basis of that tardy notice of appearance. There is no provision made for a default judgment based on a tardy notice of appearance in the GCR 1963. GCR 1963, 705.15 allows the circuit court to correct errors or defaults "either on motion and notice to the adverse party, or on the hearing of any *motion to dismiss* based on such default or error, upon such terms as may be just". (Emphasis added.) The circuit court below did not specifically rule on defense counsel's motion for entry of a default judgment in his opinion. Nor was the motion for a default judgment mentioned at all in the February 9, 1970, hearing supposedly called to discuss it. Under the circumstances we must take the omission to discuss the matter as a denial of the motion to enter a default judgment by the circuit judge. We concur in that denial.

Ib

Two other issues defense counsel raises, while not determinative of this case, are also worthy of brief discussion in order to avoid their further litigation. Defense counsel claims that there was no proper acceleration of payments due under the contract, since the notice of intention only demanded payment in full of all payments past due. However, the notice of intention also declared that

if payments were not made a forfeiture would be declared. In addition the land contract expressly provided that once default occurred the vendor had a right to immediate possession and that the vendor *"may,* without notice to the purchaser, declare all money remaining unpaid under this contract forthwith due and payable". (Emphasis added.) By the very terms of the contract, then, Sheehy's preliminary actions were proper. Contrary to defense counsel, we see nothing in *Sparling v Bert,* 1 Mich App 167 (1965), or in any other authority defense counsel cites, that impugns such a finding.

The claim is also made that Sheehy waived his right to declare a forfeiture by accepting payments July 12, 1969, one day after the notice of intention was served. Defense counsel asserts that since the Court of Appeals previously did not find default, this ruling bars via res judicata a finding of default now. Defense counsel misreads the holding of *Reinecke v Sheehy, supra;* there we did not deal with any future default, since the only task before us was one of deciding the nature of the land contract and the various rights and duties under the contract. Moreover, accepting partial payments after service of the notice of intention to declare a forfeiture and before the time allowed in the notice to cure the delinquency had expired (herein ten days) cannot constitute a waiver by the vendor of his right to declare a forfeiture. Indeed, the vendor is obligated to accept payments toward the balance due until the grace period set out in the notice of intention runs out. This is mandated by the very wording of the notice of intention. While defense counsel insists that the ten days was not a reasonable time to make the notice of intention effective, the only authority he asserts

for such a proposition concerns a case where the notice of intention did not specify *any* time within which payment was required to be made, a case clearly distinguishable from the situation here. See, *Waller v Lieberman,* 214 Mich 428, 438 (1921). We note also that aside from the spurious argument by defense counsel that our previous decision was res judicata and a bar to the assertion of any future default, there is no disputation of the fact that the Reineckes were delinquent in their payments to Sheehy. Sheehy, then, rightfully sought foreclosure of his contract with the Reineckes.

II

The district court as aforesaid entered its judgment September 15, 1969, in the forfeiture action. Thereafter a writ of restitution was issued November 24, 1969, and executed December 5, 1969. The issuance of the writ followed by the execution was improper, and objected to by defense counsel, because 90 days had not passed since September 15, 1969, in accordance with MCLA 600.5673; MSA 27A.5673. That statute prevented the issuance of a writ of restitution for 90 days after judgment and allowed the Reineckes 90 days in which to redeem. Furthermore, the Reineckes had filed bond pending appeal to the circuit court in accordance with GCR 1963, 701.7 on November 17, 1969, and had served notice of the bond on Sheehy's counsel, giving him notice that the proceedings would thus be stayed pending outcome of the appeal. The stay in the proceedings due to the bond filing and the 90-day grace period having been ignored, the Reineckes sued Sheehy, court officer Nicholas Nagy, and two others who apparently aided Nagy in executing the writ, for damages for allegedly wrongfully and tortiously dispossessing them of

their property. On defendants' motion for a summary judgment the circuit court dismissed the complaint and plaintiffs appealed.

Plaintiffs attack the validity of the writ of restitution on various grounds, but do not claim the writ to be invalid on its face. The court below decided that since the writ appeared valid on its face, there could be no liability on the part of the defendants. We believe this issue can be best treated by dealing with Sheehy's liability separately from the other defendants.

First, as to Nagy and his assistants, the circuit court found as follows:

"It is the opinion of this court that the acts of the court officer complying with such order [writ of restitution] cannot be questioned by these plaintiffs in a separate action for damages against the court officer. Again this court will point out that the actions complained of only go so far as to the legality of the action taken and not whether or not the officer exceeded his authority or went beyond the terms of that order."

This action was dismissed below on a motion for a summary judgment stating that plaintiffs had not "alleged such facts" as would give the court jurisdiction to grant relief. We take this motion to be one for failure to state a claim upon which relief could be granted. GCR 1963, 117.2(1). Only if no valid claim of relief is alleged, then, would the circuit court's grant of the motion have been proper. Ordinarily, of course, a judgment or order of a court having apparent jurisdiction, if valid on its face completely protects a sheriff or constable from liability for any proper or necessary act done in its execution, even if the judgment or order is otherwise void. *Finn v Peck,* 47 Mich 208 (1881); *Miller v Hahn,* 116 Mich 607 (1898). See also, *Bloss v Williams,* 15 Mich App 228 (1968), where a

county deputy sheriff was immune from liability while acting under the prosecuting attorney's orders. This immunity extends to those rightfully aiding an officer. 80 CJS, Sheriffs and Constables, § 122, pp 331–332. At face value these precepts seem to exculpate Nagy and his agents and legitimize the acceptance of the motion for summary judgment by the circuit court. However, plaintiffs submitted an affidavit below made by Mrs. Reinecke alleging that Nagy was in court during the hearing held November 24, 1969, at which she was a witness and at which the writ of restitution was issued by the district court over the defense counsel's objections. The Reineckes claim that because of his presence at this hearing Nagy was put on notice of the legal deficiencies of the writ, even if it appeared valid on its face. Plaintiffs cite *Foster v Wiley*, 27 Mich 244, 245, footnote 4 (1873), for the proposition that where a sheriff or constable has notice *aliunde* of defects in proceedings rendering a writ invalid, he is not protected from liability when he executes the writ. *Foster* cited five out-of-state cases in support of this dicta. There is ample authority, again from out-of-state, supporting the rules that (1) a sheriff or constable is not required to inquire into the validity of the proceedings forming the basis of the judgment, order or process which is placed in his hands for execution, and (2) a sheriff may still be protected even with personal knowledge of the illegality of a judgment, order or proceeding. See cases collected in 80 CJS, Sheriffs and Constables, § 124, p 335, and § 127, p 338; 56 ALR 1039. We agree that a court officer should not be required to look behind proceedings to test their validity before he complies with an order of the court based thereon. We are unwilling, nevertheless, to say that in all cases a court officer's personal knowledge is irrelevant.

Here Nagy is accused of having personal knowledge, a factor which the trial judge apparently ignored in his grant of defendants' motion for a summary judgment. This he should not have done, since we hold that plaintiffs had stated a claim against Nagy and his agents upon which relief *might* be granted. We express no opinion, without a broader exposition of the facts, whether Nagy's mere presence during the proceedings below would constitute such notice as to become a basis of his liability in tort. We must remand so that appropriate inquiries can be made into such matters.

As to the dismissal of the action against Sheehy, we have less difficulty. At the instigation of Sheehy's counsel the district court, ignoring the statutory 90-day grace period preceding the issuance of a writ of restitution, and ignoring its own grant of 90 days to redeem and the bond-initiated stay pending appeal, issued a writ of restitution on the forfeiture judgment. We express no opinion on whether the premature issuance of the writ was instigated with malicious intent on the part of Sheehy as is charged by plaintiffs. We do conclude, however, that the grant of defendants' motion for summary judgment as to Sheehy was, like the disposition of the suit as to the other defendants but for different reasons, erroneous. The motion for summary judgment claimed that since the writ of restitution was lawfully issued pursuant to a proper judgment of forfeiture, no valid claim could be made for actions arising out of the lawful execution of the writ. To the contrary, the writ was void since prematurely issued, and while it might have appeared valid on its face, Sheehy's counsel was on notice of defendants' bond that once filed stayed the proceedings pending appeal, and certainly was aware of the 90-day redemption

period, since it was he who brought it to the attention of the district judge. Notice to an attorney is notice to the client who employs him. *Security Trust Co v Tuller,* 243 Mich 570, 576 (1928); *Foster, supra,* p 244, footnote 2; *Littauer v Houck,* 92 Mich 162 (1892). The motion for summary judgment was improperly granted, then, since Sheehy was on notice of the 90-day grace period and the stay pending appeal and therefore cannot claim that the Reineckes have not stated a legal claim upon which relief might be granted.

The summary judgment in the tort action is reversed and remanded. The forfeiture judgment is reversed as void for lack of jurisdiction below and restitution of the premises to the Reineckes is hereby ordered. Costs to appellants in both actions.

BASHARA, J., concurred.

DANHOF, P. J. *(concurring in part, dissenting in part).* I concur in the majority opinion of Judge HOLBROOK in all respects except as to the finding that it was improper to dismiss the Reineckes' tort action against court officer Nagy and his assistants. The rule in Michigan would still seem to be that a court officer serving a writ valid on its face in civil proceedings is not obligated to draw legal conclusions regarding the validity of its procurement. *Foster v Wiley,* 27 Mich 244, 249–250 (1873); *Miller v Hahn,* 116 Mich 607, 609 (1898). It is my opinion that this Court should not ask a layman to second-guess the judgment of the district court. Even though erroneous, the district court determined that a writ of restitution should issue. The fact that Nagy was in the courtroom at this time and heard objections to the issuance of the writ did not put him on notice that the writ was

invalid. "The law does not require the officer to take notice of such suggestions. He has a right to rely upon his process until he is officially notified of its having been superseded." *Foster, supra,* p 250. If a sheriff or court officer cannot depend on a writ which is valid on its face, the inevitable result will be countless evidentiary hearings to ascertain what he might or might not have heard at a particular period of time.